United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-50615
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO HERNANDEZ-VALADEZ,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-03-CR-75-ALL-PRM

---

Before GARWOOD, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roberto Hernandez-Valadez (Hernandez) appeals form his convictions on one count of importing 50 kilograms or more of a substance containing a detectable amount of marihuana and on one count of possessing with intent to distribute 50 kilograms or more of a substance containing a detectable amount of marihuana. *See* 21 U.S.C. §§ 841, 952, 960.

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hernandez first argues that the evidence was insufficient to support his conviction. The standard for reviewing a claim of insufficient evidence is "whether, viewing all the evidence in the light most favorable to the verdict, a rational trier of fact could have found that the evidence establishes the essential elements of the offense beyond a reasonable doubt." *United States v. Villarreal*, 324 F.3d 319, 322 (5th Cir. 2003). Hernandez's inconsistent statements to federal officials regarding ownership of the vehicle and his purpose in crossing the bridge, along with his nervousness at the checkpoint, are evidence of his guilty knowledge. *See United States v. Diaz-Carreon*, 915 F.2d 951, 954-55 (5th Cir. 1990); *United States v. Richardson*, 848 F.2d 509, 513 (5th Cir. 1988). Such evidence, combined with his sole control of the vehicle, is sufficient to support his conviction. *See Diaz-Carreon*, 951 F.2d at 954.

Hernandez's remaining argument is that the district court erred in admitting what he characterizes as "drug courier profile testimony" given by a Government witness, Agent Carlos Hernandez. Because Hernandez did not object on such grounds in the district court, our review is for plain error. *See United States v. Burton*, 126 F.3d 666, 671 (5th Cir. 1997). Under the plain-error standard of review, the defendant bears the burden of showing that (1) there is an error, (2) the error is plain, and (3) the error affects substantial rights. *See United States v. Olano*, 507 U.S. 725, 732

2

(1993). If these conditions are satisfied, this court has the discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id*. (internal quotation marks and citation omitted).

Drug courier profiles are inherently prejudicial and therefore are not admissible as substantive evidence of the defendant's guilt. *See United States v. Williams*, 957 F.2d 1238, 1242 (5th Cir. 1992). Agent Hernandez's testimony, however, did not constitute a prohibited drug courier profile, and it was not objected to on that basis but rather simply on relevancy. *See United States v. Ramirez-Velasquez*, 322 F.3d 868 (5th Cir.), *cert. denied*, 124 S.Ct. 107 (2003); *United States v. Gutierrez-Farias*, 294 F.3d 657 (5th Cir. 2002), *cert. denied*, 537 U.S. 1114 (2003). Agent Hernandez testified regarding the value of the marihuana, and the jury, under the evidence here, could have reasonably inferred that the defendant would not have been entrusted with the valuable cargo if he was not part of the trafficking scheme. *See Villareal*, 324 F.3d at 324; *United States v. Gamez-Gonzalez*, 319 F.3d 695, 699 (5th Cir.), *cert. denied*, 123 S.Ct. 2241 (2003). Hernandez has failed to demonstrate plain error (or error at all). *See Olano*, 507 U.S. at 732.

AFFIRMED.